This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.  **NO. 34,122**

**TERRANCE VYSHANN LAMB,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Daniel Viramontes, District Judge**

Hector H. Balderas, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Attorney at Law
Linda Helen Bennette
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1} Defendant appeals his convictions, pursuant to a plea agreement, for the felony crimes of embezzlement and criminal damage to property. [RP 64] Our notice proposed to affirm, and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments, and thus affirm.

{2} Defendant continues to argue he should have been allowed to withdraw his plea. [DS 2; MIO 1] *See generally State v. Carlos*, 2006-NMCA-141, ¶ 9, 140 N.M. 688, 147 P.3d 897 ("A motion to withdraw a guilty plea is addressed to the sound discretion of the trial court, and we review the trial court's denial of such a motion only for abuse of discretion."). As a basis for his argument, Defendant maintains that his trial counsel was ineffective because he did not adequately pursue available defenses, or otherwise adequately communicate with Defendant and investigate his case for purposes of uncovering facts that would have brought these defenses to light. [MIO 3-6] *See generally State v. Joanna V.*, 2003-NMCA-100, ¶ 11, 134 N.M. 232, 75 P.3d 832 ("Where the defendant enters a plea upon her attorney's advice, the voluntariness and intelligence of the plea generally depends on whether she received ineffective assistance of counsel."). As we provided in our notice, however, Defendant's ineffective assistance of counsel claim relates to matters not of record and thus does not provide a basis for relief on direct appeal. *See State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (stating that "[t]his Court has expressed

its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel").

{3}     We accordingly affirm.

{4}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**J. MILES HANISEE, Judge**